Bigger, J.
(orally).
Application is made to the court for a temporary injunction restraining the tax commission of Ohio, and the members thereof as individuals, from certifying to the Auditor of State the amount of the gross intra-state earnings of the plaintiff for the year ending on the 30th day of June, 1911, as a basis under the law for the levy of an excise tax against the plaintiff for the privilege of carrying on its intra-state- business.
The court is confronted with the provisions of Section 33 of the act passed May 31, 1911, entitled “An act to repeal Sections 5446 to 5542-8, inclusive, and 5542-10 to 5542-24, inclusive, of the General Code as enacted May 10, 1910” (101 Ohio Laws, 399), relative to the tax commission of Ohio, and to further define its powers and duties.
*94 Section 33 of the act reads:
“No injunction shall issue suspending or staying any order, determination or direction of the commission, or any action of the auditor of.state, treasurer of state, or attorney-general, required by law to be taken in pursuance of any such order, determination or direction; but nothing herein shall affect any right or defense in any action to collect any tax or penalty.”
Notwithstanding this plain provision of the statute, it is insisted that the court in order to enforce and protect the con-stitutional rights of the plaintiff has the power to issue an injunction restraining the tax commission of Ohio from certifying the gross earnings of plaintiff to the auditor. It seems to me there can be no question but that it was the legislative intent to provide that no interference with the officers named in this section by injunction shall be permitted. The language is clear and explicit. It is a well established principle of law that courts of equity are loath to interpose by injunction between the state and the collection of its revenues.
In my opinion it was the legislative intent that injunction should not issue to restrain the officers named in this section in any respect in the discharge of the duties imposed upon them by law.
The question here raised appears to be one of jurisdiction or power in this court to grant the relief here prayed for. 'Under the Constitution of 1802 the common pleas court was clothed with common law and chancery .jurisdiction in all such eases as should be directed by law. The Constitution of 1851 simply provides that the jurisdiction of the court of common pleas and of the judges thereof shall be fixed by law.
In the case of Stevens v. State, 3 O. S., 453, it was decided that the Constitution confers no jurisdiction whatever upon the common pleas court in either civil or criminal cases; that it is made capable of receiving jurisdiction in all such cases, but can- exercise none until conferred by law. We must look therefore to the statutes of the state for the jurisdiction of this court to grant injunctions.
*95 Title 4 of the General Code relates to procedure in the common pleas court. Division 6 of that title relates to provisional remedies, and Chapter 4 of that division relates to the power of the court to grant injunctions. Section 11876 contains the general grant of power, and concludes with the provision that when specially authorized by statute such order • also may be granted. Chapter 7 of the same division contains a special grant of jurisdiction to the common pleas court to enjoin the illegal levy or collection of taxes and assessments, and to entertain actions to recover them back when collected.
The latest expression of the legislative intent, however, on this 'subject relating to injunction against the illegal levy and collection of taxes, is found in Section 33 of this act, which takes away the jurisdiction granted by Section 12075 in such cases insofar as it relates to the state tax commission and the state officers named in said section. This seems to make it clear that this court is without jurisdiction to grant the relief here asked, and shows that the plaintiff must resort to some other remedy.
If no remedy were provided by law, no procedure provided for by which the plaintiff might appeal to the courts for a determination of the questions presented by its petition, a very grave question would be here presented. It has been decided by the Supreme Court of this state that while the levy of excise taxes rests with the Legislature in the first instance, an appeal lies to the courts for the protection of the constitutional rights of those against whom such taxes are levied.
The Constitution provides that the courts shall be open, and that any person shall have a right to resort thereto for any injury done him in his person or property. These constitutional guaranties can not be taken away by the Legislature, and if no provision were made by which the plaintiff could have the questions here presented heard in a court of competent jurisdiction a very grave question would be presented.
I point out, however, that as Section 33 does not forbid such an action to be brought against the secretary of state, that the relief here sought may be as well had in an action against the secretary of state to restrain him from canceling the articles of *96 incorporation; and I also call attention to the provision of Section 12075 of the General Code, which clothes this court with jurisdiction to entertain actions to recover back illegal taxes that have been paid. The question has probably not been decided in Ohio as to whether this provision is applicable to the treasurer of state, but the language of the statute is broad enough in its terms, it would seem, to warrant such an action, and it has been held in other jurisdictions that such an action against the state treasurer is not an action against the state, although there is some authority to the contrary. (See 37 Cyc., p. 1187, and cases cited.)
The Supreme-Court decided in Woodbury v. Minch, 48 O. S., 210, that where one pays an illegal assessment he can not recover it back in a suit against the treasurer, unless the payment was involuntary; that to render it an involuntary payment it must appear that the treasurer was about to levy a distress upon the property; that a simple protest was not sufficient, and that as the statute afforded a plain remedy by injunction that it was the duty of the property owner to resort to that remedy. "When that remedy, however, is taken away, undoubtedly the other provision of Section 12075, which provides that this court shall have jurisdiction of an action to recover back illegal taxes that have been paid, would be applicable.
In view of the above considerations, and as a result of the brief time.which I have had for consideration on this application, I am of opinion that this court is without jurisdiction to grant the relief here sought.